UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THERESA ANN HANKERSON,

        Plaintiff,

-against-

23 AND ME BREACH COMMISSIONER;
ANCETRY GENETIC DATE; B.G. CHINOS
LARGEST GENOMICS; FTC OF
COMMISSIONER; REGENT UNIVERSITY;
V.A. COLLEGE; ACCESS-A-RIDE; M.T.A.
COMMISSIONER,

        Defendants.

24-CV-1940 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Theresa Ann Hankerson, of Brooklyn, New York, who appears *pro se*, filed this action alleging that Defendants violated her constitutional rights. By order dated April 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the filing fees. For the reasons set forth below, the Court dismisses this action as frivolous.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Theresa Ann Hankerson brings this action using the court's general complaint form, and she invokes the court's federal question jurisdiction. She sues: (1) "23 and me Breach Commissioner; (2) "Ancetry Genetic Date"; (3) "B.G. Chinos Largest Genomics"; (4) "Regent University"; (5) "V.A. College"; (6) Access-A-Ride; and (7) M.T.A. Commissioner. In the section that asks Plaintiff which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes:

> Desiree Ellis has state the she has taken, stolen my DNA and pass around to websites, I had put in FTC report, also communicated with the FBI, even yesterday 3-13-24, Why FTC didn't follow up with the complaint? I had put in so many reports throw FTC[.]

(ECF No. 1 at 2.)[1] Plaintiff alleges that the date(s) of occurrence of the events giving rise to her claims is "Presents," and that the events took place in "New York City State etc." (*Id.* at 5.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

She alleges

> 23 and me had started pass around my DNA all over web sites, catfishing online fraud in which a cybercriminal creates a false online identity after to fraud me as the victim and exploit Theresa Ann Hankerson Gregoine identity, my phone email has been hacked, stolen DNA, experts, say malicious individuals can perform nefarious, activities with celler phone computers data, 23 and me genetic ancestry, genetic data in the hand of cyber criminals blog, B.G. Chinar largest genomice firm from business in the U.S. I had made numerous report to F.TC also FBI about Desiree Ellis at her state that she stolen my DNA.
>
> Im being sobatage at a University Regent University a online course, work on my B.A and Master degree with this University the trade was the life as a Christian leadership I was getting my B.A degree In that, then I was going work on my Master in criminals justic of human rights. Ive been catfishing from this University, the Brooklyn financial aid has stolen from me of $100,000 etc. My student I.D B07420237, Regent University even block my phone and block my student guide.

(*Id.*)

Plaintiff seeks the arrest of those who have violated her constitutional rights.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . .." *Denton*, 504 U.S. at 33. A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation

3

omitted))). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff provides no facts to support her assertion that Defendants stole her DNA and passed it around to exploit her. In fact, the complaint provides no facts suggesting that the alleged actions of Defendants are even possible. A "[p]laintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions of these claims. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for her claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with allegations that she believes to be true but, because she has pleaded no factual predicate to support them, the allegations are implausible. Her allegations therefore amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life

by the United States and various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and, for the reasons discussed above, the Court dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further nonmeritorious or frivolous litigation in this court may result in an order barring her from filing any new actions without prior permission. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment in this action.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                              Chief United States District Judge